WALLACE, Senior Circuit Judge,
concurring:
I concur in the majority’s opinion, except for its analysis of bank fraud as “specified unlawful activity” under 18 U.S.C. § 1956(a)(3). I agree that Anderson’s conviction must be reversed because the undercover agent represented that the $100,000 he gave Anderson was fraudulently obtained from his clients rather than “a financial institution.” 18 U.S.C. § 1344(2). Although we need go no further, the majority did. I therefore do not agree that we must also reverse on the ground that the agent failed to represent to Anderson that the financial institutions allegedly involved were federally insured.
*613 “To require government agents to ... specific[ally]” name defrauded banks or inform suspected money launderers that the victimized banks are federally insured “Mould make it difficult for undercover agents to enforce [section 1956], as real criminals would be unlikely to state explicitly[which banks were] the source of their funds.” United States v. Nelson, 66 F.3d 1036, 1041 (9th Cir.1995). The majority’s holding “[c]ould be too costly in the verisimilitude vital to sting operations,” United States v. Wydermyer, 51 F.3d 319, 327 (2d Cir.1995), cited with approval in Nelson, 66 F.3d at 1041, and may serve no useful purpose in cases where “any person of ordinary intelligence” would recognize that the money constituted proceeds of an unlawful bank fraud, United States v. McLamb, 985 F.2d 1284, 1291 (4th Cir.1993), cited with approval in Nelson, 66 F.3d at 1041; see also United States v. Leslie, 103 F.3d 1093, 1103-04 (2d Cir.1997) (affirming a money laundering conviction when a defendant “believed that the money was the proceeds” of a drug transaction based on an undercover FBI agent’s statement that the money was “powder-type” and contained traces of cocaine); United States v. Kaufmann, 985 F.2d 884, 892-93 (7th Cir.1993) (holding that “[i]t is enough that the government prove that an enforcement officer or authorized person made the defendant aware of circumstances .from which a reasonable person would infer that the property was [proceeds of a specified unlawful activity]”), cited with approval in Nelson, 66 F.3d at 1041. In brief, by hastily answering a question it should reserve for a later day, the majority risks announcing a rule with potentially far-reaching and unforeseen consequences.
Anderson’s money laundering conviction requires reversal because the undercover officers failed to represent “a scheme or artifice” to obtain money from “a financial institution.” 18 U.S.C. § 1344 (emphasis added). Since it is both sufficient and prudent to rest a reversal on this ground alone, I would not address a complicated issue unnecessary to this appeal’s disposition. I thus concur only in the result reached by the majority.